SANTOS PEDRAZA MULERO ET AL., Appellants, *v.* THE REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 1377. Decided April 25, 1962.

*Andrés Mena Latorre* for appellants.   The Registrar appeared by brief.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Santana Becerra and Mr. Justice Rigau.

PER CURIAM.

For the purposes of the Inheritance Act (Act No. 303 of April 12, 1946, as amended) does the waiver of an usufruct constitute a gift?   This is the main issue involved in this appeal.

In 1938 a married couple made a gratuitous and irrevocable gift of the naked property of a farm consisting of 11.50 cuerdas of land to their four children, reserving the usufruct for themselves.   Upon the father's death half the usufruct was conveyed to the naked owners.   In 1958 the latter sold the whole farm in undivided co-ownership to two farmers for $1,100.   Later, the donees' mother executed a deed waiving her right of usufruct in half of the property in favor of her four children, "in consideration of the sum of one dollar received in advance from her four children referred to; and for other invaluable considerations."

The registrar recorded the deed of sale, clarified by the waiver of usufruct, only as to one half of the farm in fee simple and the naked property of the other half and denied registration as to the usufruct in said last half because the assignment of the right of usufruct was made for an amount less than its just value, which constitutes a gift, and it was not accompanied by the receipt or certificate of gift-tax exemption.

██ The registrar is right. In order to determine the juridical nature of the transaction involved herein we should resort, in the first place, to the source of the tax law which, in this case, is the Inheritance and Gift Act (13 L.P.R.A. § 881 *et seq.*). Thus, the definition of the term gift must be found in the afore-mentioned statute. *Blanco* v. *Registrar*, 70 P.R.R. 16; *De la Haba* v. *Tax Court*, 76 P.R.R. 865; *Semanaz* v. *Sec. of the Treasury*, 76 P.R.R. 385; *Serrallés* v. *Sec. of the Treasury*, 84 P.R.R. 10 (1961). As used in the aforesaid Act (§ 881(a)) the term "gift" includes the purely gratuitous, the onerous, and the remunerative donation, as defined in the Civil Code of Puerto Rico; but it includes besides, other acts such as "When a *property* is transferred for less than its fair value...the excess of the fair value of said property over the consideration in money...for which said property was exchanged, shall be considered a gift, and shall be included in computing the total gifts made during the year." (Italics ours.)

█ And in its § 882 it provides: "The word 'property' shall be construed to include both real and personal estate, and any form of interest therein, including life incomes or annuities of any form or kind, *as well as usufruct*, nude property, or any kind of rights and actions." (Italics ours.)

█ In the case at bar the waiver of the usufruct made by the mother in favor of her children for the sum of $1, is, according to the tax law, a transfer of property. Evidently, the usufruct was transferred, according to the documents the registrar had before her, for much less than its fair value. The difference in such value constitutes a gift. Therefore, the presentation of the tax receipt was mandatory pursuant to § 12 of Act No. 99 of 1925, as amended by Act No. 189 of 1948.

The note appealed from will be affirmed.